The plaintiff, M & I Realty, Inc., seeks further review of the Department of Public Safety's (department) issuance of a fine based on the plaintiff's operation of an elevator without a valid inspection sticker. M & I Realty owns and operates a two-story office building in Worcester. In 2014, the department issued a $20,000 fine against M & I Realty for failing to maintain a valid inspection certificate in an elevator that had gone unused since the second floor tenant in the building vacated. After multiple appeals, the department refused to waive the fine in its entirety and M & I Realty filed an administrative appeal in the Superior Court pursuant to G. L. c. 30A. The judge in the Superior Court ruled on the pleadings in favor of the department. M & I Realty argues that the department's issuance of the fine violated the company's due process rights, and refusal to waive the fine violated the company's right to equal protection of the law. We see no error in the judgment below and affirm.
1. Background. In September, 2011, the second floor tenant of the office building owned by M & I Realty vacated the premises, and the second floor remained unoccupied until August, 2014. M & I Realty deactivated the elevator that serviced the second floor unit by locking its doors on the first and second floor and disconnecting its electrical supply.[2] In June, 2014, M & I Realty decided to divide the second floor space into two separate units and engaged the services of an elevator installation company to reactivate the elevator. The elevator company submitted an application for annual inspection on behalf of M & I Realty, which alerted the department to the elevator's expired inspection certificate. Pursuant to G. L. c. 143, § 65, which authorizes the agency to levy a $100 fine for each day an elevator is in operation without a valid inspection certificate, the department issued a $20,000 fine to M & I Realty. M & I Realty appealed the fine twice, and the department first reduced the fine to $10,000 because of the de minimis risk of injury to the public and then reduced the fine further to $4,500 because of M & I Realty's lack of wilfulness or prior violations.
2. Discussion. Our review of agency decisions under G. L. c. 30A is limited. When an administrative agency issues a fine it is statutorily authorized to impose, an appellate court may not substitute its judgment or adjust the amount because it believes the penalty is too harsh given the circumstances. See Massachusetts Elec. Co. v. Department of Pub. Util., 469 Mass. 553, 576 (2014). We do, however, review the decision to ensure it is supported by substantial evidence and not arbitrary and capricious, based upon an error of law, or in violation of constitutional provisions. G. L. c. 30A, § 14 (7). Absent one of the errors enumerated in § 14, we defer to the discretionary authority conferred upon the agency. See Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010).
a. Due process. M & I Realty argues its due process rights were violated because the department did not provide the company with notice that its certificate would be expiring and a fine forthcoming. The department contends the statute and inspection certificate provided sufficient notice of when the certificate would expire and a civil fine would be issued. M & I Realty alleges the department historically provided notice to elevator operators when a certificate would soon expire, and therefore its failure to now do so makes statutory notice inadequate.
"The fundamental requirement of due process is notice and the opportunity to be heard." Matter of Angela, 445 Mass. 55, 62 (2005). No particular form of notice is required so long as the procedure adopted for the hearing stage protects the substantial rights of the affected party. See Foster from Gloucester, Inc. v. City Council of Gloucester, 10 Mass. App. Ct. 284, 291 (1980). In fact, mere notice of facts that would cause a reasonable person under similar circumstances to inquire further is sufficient notice of facts that further, diligent inquiry would reveal. See Commonwealth v. Olivo, 369 Mass. 62, 69 (1975), quoting Essex Nat'l Bank v. Hurley, 16 F.2d 427, 428 (1st Cir. 1926). Specifically, a person is presumed to know statutory requirements, especially when his or her conduct historically has been the subject of government regulation. See Kentucky R.R. Tax Cases, 115 U.S. 321, 331 (1885) ; Walsh v. Adams, 245 Mass. 1, 8 (1923). Once an enforcement proceeding is initiated, the only notice required is that which is "reasonably calculated to apprise an interested party of the proceeding" and the "grounds on which the [agency] might act." La Pointe v. License Bd. of Worcester, 389 Mass. 454, 458 (1983).
Ignorance of the law is no excuse. "[W]hen statutes impose punishment out of considerations of public policy, lack of knowledge of the law or of the fact that the law has been violated does not exonerate the person who may have unwittingly violated the statute." Franklin Office Park Realty Corp. v. Commissioner of Dep't of Envtl. Protection, 466 Mass. 454, 465 n.14 (2013). Here, the Legislature's enactment of G. L. c. 143, § 65, provided M & I Realty with sufficient notice that failing to maintain a valid inspection certificate could lead to a fine. The regulations promulgated and published by the department notified M & I Realty of the steps it needed to take to temporarily discontinue use of the elevator without incurring penalties. See 524 Code Mass. Regs. §§ 11.01 and 11.02 (2006). The inspection sticker in the building M & I Realty owns and operates stated when the former certificate expired. The fact that M & I Realty complied with the elevator inspection requirements in the past further belies the company's argument that it received insufficient notice that its certificate would be expiring and a fine could be issued. The department was not required to provide further notice to M & I Realty before issuing the company a fine.
The department's failure to follow best or past practices does not amount to a violation of due process. M & I Realty elevates the department's past efforts to notify elevator operators before their certificate expired into a requirement of due process. In the absence of statutory or regulatory notice requirements, however, enforcement of the law does not require additional notice. Compare Police Comm'r of Boston v. Robinson, 47 Mass. App. Ct. 767, 772-773 (1999) (interpreting explicit notice requirements of firearm licensing and revocation statute), with G. L. c. 143, § 65 (authorizing $100 fine per day for operating elevator without valid inspection certificate without reference to notifying operator before issuance). The department did not retroactively apply a new policy or interpretation of existing law because, as the motion judge found, it was never an official agency position that notice was required or must be given.[3] Moreover, the fine issued was based on the period from when § 65 was amended to provide for the $100 per day fine to the time M & I Realty applied for reinspection. Although better practices may have been employed, the department was well within its authority and complied with due process when it fined M & I Realty for failing to maintain a valid inspection sticker.
b. Equal protection. M & I Realty also argues it has been denied equal protection of the law because fines issued to other elevator operators were waived while its fines were not. The department maintains the decision whether to waive a fine is squarely within the agency's discretion and here that discretion was not abused. Section 65 authorizes the department to "promulgate rules and regulations establishing criteria used to determine whether the fine may be waived." G. L. c. 143, § 65. The factors the department considers when determining whether to waive or abate a fine are the wilfulness and history of violations, clerical errors and inaccurate assessments, lack of prior use, actual risk to the public, and financial hardship caused by paying the fine. See 520 Code Mass. Regs. § 16.03 (2015).
Equal protection principles, of course, require the Commonwealth to treat all similarly situated parties alike. See Mancuso v. Massachusetts Interscholastic Athletic Ass'n, Inc., 453 Mass. 116, 128 (2009), quoting Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A party treated differently from others similarly situated must also show that such treatment is the result of invidious discrimination or an abuse of power. Mancusa, supra at 129-130. When the Legislature delegates significant discretion over resource allocation and regulatory enforcement, however, subjective, individualized assessments are in the very nature of that delegation and the exercise of that discretion must be an "egregious abuse of power" to violate the equal protection clause. Id. See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 603-604 (2008) (treating like individuals differently accepted consequence of broad discretionary enforcement power).
M & I Realty acknowledges it has not been subject to invidious discrimination, but argues the decision not to waive its fine is arbitrary and capricious, and irrational, because the department waived similarly situated elevator operators' fines. M & I Realty supports this claim by focusing on three cases, involving the Worcester public schools, Worcester Housing Authority, and Quinsigamond Community College, in which the department waived fines in their entirety. First, those cases all involve public or quasi public institutions that are not similarly situated. Second, the reasons for the waiver were not arbitrary, as the Worcester public schools' and Worcester Housing Authority's waivers were based upon severe financial hardship, and the Quinsigamond Community College's waiver was due to a clerical error not the fault of the college. M & I Realty has failed to show it is similarly situated to these other elevator operators, nor has it shown the disparate treatment was arbitrary.
The department has broad discretion to waive or abate fines in these circumstances. Section 65 authorizes the department to establish factors relevant to fine waivers or reductions. Where an agency is entrusted with broad discretion, as the department is here, disparate treatment of similarly situated parties does not violate equal protection principles because individualized assessments and treatment are the very purpose of entrusting the agency with that discretion. Engquist, 553 U.S. at 603. Additionally, we "accord special deference to an agency's interpretation of its own regulation," and only interfere if the agency's interpretation is unreasonable or arbitrary. Goldberg v. Board of Health of Granby, 444 Mass. 627, 636 (2005). The department has already abated M & I Realty's fine twice, and we are not in a position to substitute our judgment for that of the agency entrusted with enforcing G. L. c. 143. The department did not abuse its discretion or violate M & I Realty's right to equal protection of the law in refusing to waive M & I Realty's fine in its entirety.
3. Conclusion. We discern no error of law or violation of constitutional rights in the department's failure to notify M & I Realty before its inspection certificate expired, or the department's refusal to waive the fine that subsequently issued.[4]
Judgment affirmed.

The parties agree the elevator was not properly "decommissioned" pursuant to 524 Code Mass. Regs. § 11.02 (2006). Moreover, because the elevator was out of use for more than one year, it could not have been deemed "out of service" pursuant to 524 Code Mass. Regs. § 11.01 (2006). M & I Realty's compliance with either regulation would have prevented fines from accruing for failure to obtain a valid inspection certificate. See G. L. c. 143, § 65.

Although it appears the department has since adopted procedures for providing notice to elevator operators ninety days before a certificate is set to expire, that policy was not in effect at the time M & I Realty's certificate expired.

We have considered the remainder of M & I Realty's arguments and they are without merit.